IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALISHA SHEPARD-SMITH | : |
| | : |
| v. | : **CIVIL ACTION** |
| | : |
| SERGEANT GEOFFREY STRUBINGER | : No. |
| 400 N. Broad St. | : |
| Philadelphia, PA 19103 | : **JURY TRIAL DEMANDED** |
| | : |
| *And* | : |
| | : |
| DET. THOMAS D'ALESIO | : |
| 400 N. Broad St. | : |
| Philadelphia, PA 19103 | : |
| | : |
| *And* | : |
| | : |
| OFC. NORMA PELUYERA-ALAMO | : |
| 400 N. Broad St. | : |
| Philadelphia, PA 19103 | : |
| | : |
| *And* | : |
| | : |
| JOHN AND JANE DOE(S) 1-3 | : |
| 400 N. Broad St. | : |
| Philadelphia, PA 19103 | : |
| | : |
| *Defendants.* | : |

# COMPLAINT

Plaintiff, Alisha Shepard-Smith, by and through her attorneys, van der Veen, Hartshorn, Levin, and Lindheim, hereby asserts the following Complaint against Defendants, Sergeant Geoffrey Strubinger, Detective Thomas D'Alesio, Officer Norma Peluyera-Alamo, and John and Jane Doe(s) 1-3, and in support thereof avers as follows:

1

**PARTIES**

1. Plaintiff Alisha Shepard-Smith ("Plaintiff" or "Ms. Smith") at all relevant times was a resident of Philadelphia County, Pennsylvania.

2. Defendant Geoffrey Strubinger ("Sergeant Strubinger"), at all relevant times hereto, was employed as a police sergeant by the Philadelphia Police Department. He is sued in his individual and supervisory capacities.

3. Defendant Thomas D'Alesio ("Det. D'Alesio"), at all relevant times hereto, was employed as a detective by the Philadelphia Police Department. He is sued in his individual capacity.

4. Defendant Norma Peluyera-Alamo ("Officer Alamo"), at all relevant times hereto, was employed as a police officer by the Philadelphia Police Department. She is sued in her individual capacity.

5. Defendants John and Jane Doe(s) 1-3 ("Defendant Does"), at all relevant times relevant hereto, were employed by and agents of the Philadelphia Police Department. They are sued in their individual capacities.

**JURISDICTION**

6. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendment to the United States Constitution.

7. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343(3) and the aforementioned statutory and constitutional provisions.

**VENUE**

8.   Venue is proper in the District pursuant to 28 U.S.C. § 1391(b), as the events giving rise to this action occurred within the District and involve Defendants who reside within the jurisdictional limits.

**FACTS**

9.   Plaintiff, Alisha Shepherd-Smith, and her husband, Rickey Smith, reside in Philadelphia with their two teenage daughters. Plaintiff is a 3rd grade teacher, and her husband works for Conrail.

10.   For several years, Plaintiff and her family have experienced significant conflict with their next door neighbors, J.T. and D.C. (hereinafter, the "Neighbors").

11.   Plaintiff's family and the Neighbors share a wall as well as a common walkway.

12.   Tensions between Plaintiff's family and the Neighbors reached an all-time high in 2021, culminating in a dispute over a bush in Plaintiff's yard near the mutual walkway.

13.   On December 12, 2021, Plaintiff and her husband took a trip to Walmart in order to purchase some household items.

14.   Plaintiff's daughters called their parents frightened, alerting them that the Neighbors and several of their family members were trespassing on Plaintiff's yard and mutilating their hedges.

15.   Plaintiff and her husband rushed home, pulling up outside of their residence to see the Neighbors and their family members, A.T. and G.B., standing outside the residence.

16.   Plaintiff's husband approached J.T. and G.B., asking why they felt they could mar the hedges on his property. In response, J.T. attacked Plaintiff's husband. G.B. smiled at

Plaintiff's husband, who observed what appeared to be a firearm in G.B.'s waistband, and G.B. made a threatening comment.

17. While this altercation took place, Plaintiff went to assist her husband, but found herself tackled into the bushes by D.C., A.T. and three others joined in on the attack against Plaintiff.

18. Plaintiff ultimately was able to escape her attackers and began banging on her front door for her daughters to let her inside. She ran upstairs and retrieved her legally owned firearm in order to protect herself and her husband from this attack.

19. Plaintiff opened her front door and stepped onto her front step, never leaving her property, with the gun pointed toward the ground.

20. Plaintiff did not point her firearm at anyone, nor did she make any threats while holding the firearm, but simply wanted to have the ability to protect her family if necessary.

21. D.C. went to approach Plaintiff again; however, after she noticed the firearm in her hand, she quickly retreated and alerted the others that Plaintiff had a firearm.

22. Shortly thereafter, A.T. approached Plaintiff and attempted to wrestle the firearm from her possession.

23. Plaintiff ultimately was able to escape A.T. and shut her front door behind her. She immediately returned the firearm upstairs and removed the clip as an added measure.

24. Luckily, several other neighbors from surrounding properties had arrived by this time to break up the altercation between Plaintiff's husband and his attackers, and he similarly retreated to safety.

25. Unbeknownst to Plaintiff and her family, another neighbor who witnessed the fighting called the police to report an ongoing altercation between the neighbors. She stated that she believed a male involved possessed a firearm and described the men across the street.

26. Law enforcement subsequently made an internal radio call describing the situation, stating that a black male wearing a grey hoodie was armed with a firearm. G.B. was a black male wearing a grey sweatshirt during the altercation.

27. When law enforcement arrived, A.T. immediately approached officers and falsely claimed that Plaintiff pulled out a gun and pointed it at her.

28. Plaintiff did not match any portion of the description provided to police, as a petite female wearing a black yoga jacket. However, law enforcement acted upon the word of A.T. alone and Officer Alamo demanded that Plaintiff come outside to be searched. Officer Alamo located a clip in the pocket of Plaintiff's yoga jacket and told her to get into the back of her patrol vehicle.

29. Officer Alamo and her partner, Officer Doe 1, subsequently arrested Plaintiff in front of her husband, daughters, and neighbors, after locating a firearm while "clearing" the residence.

30. Officers John and Jane Doe(s) 2-3 also participated in the response and subsequent investigation with regard to this incident.

31. Officers Alamo and Does 1-3 failed to search or question G.B., who fit the description of the individual identified as being in possession of a firearm.

32. Officers Alamo and Does 1-3 similarly failed to afford Plaintiff, a schoolteacher with no criminal record, the ability to explain her side of the story before subjecting her to a public arrest.

33. When Plaintiff and her family requested a supervisor, Sergeant Strubinger arrived and proceeded to merely stand on the sidelines and smoke a cigarette. He took no action to oversee the investigation or ensure the validity of the arrest.

34. Law enforcement had been called to these residences previously due to the various disputes between the neighbors, although these calls primarily pertained to noise violations and never before involved a physical altercation.

35. Upon information and belief, local law enforcement felt annoyed by these frequent non-emergent calls and rushed to judgment in effectuating an arrest due to their frustration with the situation.

36. Southwest Detective D'Alesio conducted further "investigation" into this matter, merely taking the statement of A.T.

37. A.T. admitted to Det. D'Alesio that she and her family were outside that day trespassing on Plaintiff's property, taking matters into their own hands and "trimming" Plaintiff's hedges without consent.

38. A.T. further told Det. D'Alesio that an altercation arose between the parties, causing Plaintiff to retrieve her gun. She stated that the gun was pointed in her direction, but she did not believe it was intentional.

39. Importantly, Areina Taylor never indicated that Plaintiff left her property while holding the firearm or that she made any threatening movements or statements while in possession of the firearm during this subsequent statement.

40. Despite this, Plaintiff was charged with the following: Firearms Not to be Carried without a License, in violation of 18 Pa.C.S. §6101(A)(1); Carrying Firearms in Public in

Philadelphia, in violation of 18 Pa.C.S. §6108; Simple Assault, in violation of 18 Pa.C.S. §2701(A); and Recklessly Endangering Another Person, in violation of 18 Pa.C.S. §2705.

41. The subsequent criminal proceedings terminated in Plaintiff's favor, and she was not convicted of any of the offenses charged. These proceedings terminated on April 19, 2022.

## COUNT ONE
## VIOLATION OF 42 U.S.C. § 1983
## FOURTH AMENDMENT
## MALICIOUS PROSECUTION
## (Plaintiff v. Defendants)

42. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

43. On December 12, 2021, Defendants initiated legal proceedings against Plaintiff.

44. The criminal proceedings lodged against Plaintiff terminated in her favor.

45. Defendants initiated these proceedings against Plaintiff in the absence of probable cause.

46. Defendants acted with deliberate indifference to the constitutionally protected rights of Plaintiff by initiating criminal proceedings against her without conducting any reasonable investigation.

47. Upon information and belief, Defendants initiated criminal proceedings against Plaintiff in the absence of reasonable belief that she was guilty of the offenses alleged, motivated by their frustration and annoyance that both Plaintiff and the Neighbors would frequently call the police to report on what they viewed as frivolous or *de minimis* disputes.

48. As a direct and proximate result of Defendants' conduct, Plaintiff suffered psychological and emotional harm, reputational damage, and economic damages.

49. Defendants acted with reckless and callous indifference to the federal protected rights of Plaintiff, warranting an award of punitive damages to the fullest extent permitted by law.

50. Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. §1988.

## COUNT TWO
## VIOLATIONS OF 42 U.S.C. § 1983
## SUPERVISORY LIABILITY
### (Plaintiff v. Sergeant Strubinger)

51. Plaintiff incorporates the preceding paragraphs of this Complaint as if same were set forth herein at length.

52. At all relevant times subsequent to his arrival at Plaintiff's residence, Sergeant Strubinger was responsible for supervising the officers conducting the investigation into the altercation between the two families.

53. Plaintiff and her family explicitly requested the presence of a supervisor in order to ensure that the officers involved acted appropriately and investigated the matter properly.

54. Defendants D'Alesio, Alamo, and Does 1-3, acting under the supervision of Sergeant Strubinger, violated Plaintiff's constitutional rights by arresting her without probable cause and initiating criminal proceedings against her without conducting any reasonable investigation.

55. Sergeant Strubinger knew or should have know that failure to ensure that the law enforcement personnel under his supervision were conducting a reasonable investigation prior to effectuating an arrest would result in harm to the citizens of his police district.

56. Sergeant Strubinger's supervision of Defendants D'Alesio, Alamo, and Does 1-3 served as a direct and proximate cause of Plaintiff's injuries.

57. Sergeant Strubinger acted with reckless and callous indifference to the federal protected rights of Plaintiff, warranting an award of punitive damages to the fullest extent permitted by law.

58. Plaintiff is entitled to recovery of costs, including reasonable attorneys' fees under 42 U.S.C. §1988.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1. That this Court find that Defendants committed acts and omissions violating the Fourth and Fourteenth Amendments to the United States Constitution, actionable under 42 U.S.C. § 1983;

2. As to Count I, a judgment against Defendants for compensatory and punitive damages in excess of $150,000.00, together with costs, including reasonable attorneys' fees under 42 U.S.C. §1988 and prejudgment interest;

3. As to Count II, a judgment against Defendant Strubinger for compensatory and punitive damages in excess of $150,000.00, together with costs, including reasonable attorneys' fees under 42 U.S.C. §1988 and prejudgment interest; and

4. For such other relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,

Date: April 19, 2024    By:    */s/ Kaitlin C. McCaffrey*
                                Bruce L. Castor, Jr.
                                I.D. No. 46370
                                Kaitlin C. McCaffrey
                                I.D. No. 329960