IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEPHERD-SMITH, | : |
| Plaintiff, | : |
| v. | : No. 24-cv-1655-JHS |
| STRUBINGER, et al. | : |
| Defendants | : |

# ORDER

AND NOW, this _____ day of _____, 2024, upon consideration of Defendants Sergeant Geoffrey Strubinger, Detective Thomas D'Alesio, and Police Officer Norma Peluyera-Alamo's Motion to Dismiss, it is **HEREBY ORDERED** that the Motion is **GRANTED** and Plaintiff's claims are **DISMISSED**.

BY THE COURT:

_____
JOEL H. SLOMSKY, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEPHERD-SMITH, | : |
| Plaintiff, | : |
| v. | : No. 24-cv-1655-JHS |
| STRUBINGER, et al. | : |
| Defendants | : |

**<u>DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>**

Defendants Sergeant Geoffrey Strubinger, Detective Thomas D'Alesio, and Police Officer Norma Peluyera-Alamo hereby file this Motion to Dismiss for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Defendants incorporate the attached Memorandum of Law.

Respectfully submitted,

Date: May 14, 2024

*/s/ Irene Lu*
Irene Lu
Assistant City Solicitor
Pa. Attorney ID No. 318310
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-2971 (phone)
(215) 683-5397 (fax)
Irene.Lu@phila.gov

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **SHEPHERD-SMITH,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 24-cv-1655-JHS |
| | : | |
| **STRUBINGER, et al.** | : | |
| | : | |
| Defendants | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

This civil rights action under 42 U.S.C. § 1983 arises out of the arrest of Plaintiff Alisha Shepherd-Smith for her involvement with a firearm in a dispute with her neighbors over their trimming of a bush near their mutual walkway. The Court should dismiss Plaintiff Alisha Shepherd-Smith's Complaint against moving Defendants Sergeant Geoffrey Strubinger, Detective Thomas D'Alesio, and Police Officer Norma Peluyera-Alamo because it fails to sufficiently plead the claim of malicious prosecution against all Defendants, and supervisory liability, against Defendant Stubinger.

I.   **FACTUAL ALLEGATIONS**

On December 12, 2021, Plaintiff Alisha Shepard-Smith and her husband returned home to an altercation between their teenage daughters, A.T. and G.B., and neighbors J.T. and D.C.[1] with whom the family has a longstanding history of conflict. Compl. ¶¶ 9–10. The altercation over the

---

[1] The Complaint appears to repeatedly confuse the anonymized identities of the parties, Plaintiff's teenage daughters and Plaintiff's neighbors. For instance, the Complaint indicates that Plaintiff's teenage daughter G.B. "smiled at Plaintiff's husband, who observed what appeared to be a firearm in G.B.'s waistband, and G.B. made a threatening comment [to Plaintiff's husband]." *Id.* ¶ 16.

2

alleged trespass of the neighbors and dispute over the trimming of a bush near the mutual walkway between the parties became physical, and Plaintiff ran inside and upstairs to her home to retrieve an alleged legally owned firearm, with which she brought out onto the front step of her home. *Id.* ¶¶ 16–20. Neighbors from surrounding properties arrived to break up the altercation between Plaintiff's family and their neighbors, and another neighbor "who had witnessed the fighting" had called police and "stated that she believed a male involved possessed a firearm and described the men across the street." *Id.* ¶ 25. At some point, Plaintiff returned her firearm upstairs and removed the ammunition clip. *Id.* ¶ 23.

Police Officer Alamo arrived on the scene, searched Plaintiff, found the ammunition clip in the pocket of her yoga jacket, and told her to get in the back of the patrol vehicle. *See id.* ¶ 28. Police Officer Alamo and her partner subsequently arrested Plaintiff after locating a firearm while clearing Plaintiff's residence. *Id.* ¶ 29. Plaintiff's only allegation against Defendant Sergeant Strubinger is that he "proceeded to merely stand on the sidelines and smoke a cigarette. He took no action to oversee the investigation or ensure the validity of [Plaintiff's] arrest." *Id.* ¶ 33. Plaintiff's only allegation against Defendant Detective D'Alesio is that his "'investigation' into this matter [consisted of] merely taking the statement of [sic]."[2] Plaintiff's neighbor allegedly told Detective D'Alesio that their altercation caused Plaintiff to retrieve her gun and that was pointed in her direction but she did not believe that it was intentional. *Id.* ¶ 38.

Plaintiff was charged with Firearms Not to be Carried without a License, in violation of 18 Pa. Con. Stat. §6101(A)(l); Carrying Firearms in Public in Philadelphia, in violation of 18 Pa. Con. Stat. §6108; Simple Assault, in violation of 18 Pa. Con. Stat. §2701(A); and Recklessly

---

[2] Plaintiff's Complaint here again conflates the identities of Plaintiff's neighbor and her teenage daughters.

3

Endangering Another Person, in violation of 18 Pa. Con. Stat. §2705. *Id.* ¶ 40. The criminal proceedings against Plaintiff terminated on April 19, 2022 without a conviction. *See id.* ¶ 41.

Plaintiff now brings, under 42 U.S.C. § 1983, a claim of malicious prosecution (Count I) against Defendants Sergeant Geoffrey Strubinger, Detective Thomas D'Alesio, and Police Officer Norma Peluyera-Alamo; and a claim of supervisory liability (Count II) against Sergeant Strubinger.

## II.     12(b)(6) LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

## III.    ARGUMENT

    **A.**     **Plaintiff's Count I Claim Against All Defendants Should Be Dismissed for Failure to Plead Facts Plausibly Establishing the Elements of a § 1983 Malicious Prosecution Claim[3]**

---

[3] Plaintiff brings her claim of malicious prosecution as a violation of the Fourth Amendment but refers to the Fourteenth Amendment in her Complaint. *See* Compl. ¶ 6 ("This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendment to the United States Constitution."). "[A]s of today, the status of a Fourteenth Amendment right to be free from malicious prosecution is murky." *Crosland v. City of Phila.*, 676 F. Supp. 3d 364, 375 (E.D. Pa. 2023) (discussing at length the evolution of the applicability of the Fourteenth Amendment to the claim in this Circuit). The distinction between whether a claim for malicious prosecution can be brought under the Fourteenth or the Fourth Amendment is a temporal one predicated upon when the officers' alleged misconduct during the criminal proceedings is to

Plaintiff's Count I Claim for malicious prosecution against all Defendant Officers should be dismissed for failure to plead any facts related—much less plausibly establishing—most elements of the claim.

To state a claim for malicious prosecution, a plaintiff must allege facts to establish that "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty[.]" *Thomas v. City of Phila.*, 290 F. Supp. 3d 371, 379 (E.D. Pa. 2018) (quoting *Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014) (citations omitted)). Here, Plaintiff fails to allege most of the elements required to state a claim for malicious prosecution: She fails to plausibly allege that any of the Defendants initiated the criminal proceedings against her, that the criminal proceedings were initiated without probable cause, or that Defendants acted maliciously or for purpose other than to bring her to justice.

First, while Plaintiff alleges that Defendant Officers initiated criminal proceedings against her, police officers do not usually initiate criminal proceedings. "Although prosecutors rather than police officers are generally responsible for initiating criminal proceedings, an officer may, however, be considered to have initiated a criminal proceeding if he or she knowingly provided false information to the prosecutor or otherwise interfered with the prosecutor's informed discretion." *Henderson v. City of Phila.*, 853 F. Supp. 2d 514, 518 (E.D. Pa. 2012) (citing *Brockington v. City of Phila.*, 354 F. Supp. 2d 563, 569 (E.D. Pa. 2005)). Thus, it is only

---

have happened—shifting to the protections of the Fourteenth Amendment only when they continue beyond the pretrial phase. *See id.* at 377. Plaintiff's claim here squarely arises of the Fourth Amendment where she alleges that Defendants were only involved in *initiating* criminal proceedings: "Defendants initiated these proceedings against Plaintiff," and "[u]pon information and belief, Defendants initiated criminal proceedings…" Compl. ¶¶ 45, 47.

5

where a police officer knowingly provides false information to the prosecutor or interferes with his discretion, can it be said that the officer initiated criminal proceedings. Here, Plaintiff's Complaint is wholly bereft of any allegation that any of the Defendant Officers did as such.

Second, "[p]robable cause is a complete defense to [] malicious prosecution claims." *Langford v. Gloucester Twp. Police Dep't*, 787 F. App'x 120, 122 (3d Cir. 2019); *see Scutella v. Cousins*, 811 F. App'x 110, 115 (3d Cir. 2020) (affirming the District Court's decision "[b]ecause probable cause is a complete defense to malicious prosecution"). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe than an offense has been committed by the person to be arrested." *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995) (citing *U.S. v. Cruz*, 910 F.2d 1072, 1076 (3d Cir. 1990) (other citations omitted)). "Probable cause to arrest requires more than mere suspicion; however, it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt." *Id.* at 482–83 (citing *U.S. v. Glasser*, 750 F.2d 1197, 1205 (3d Cir. 1984)). "[T]he constitutional validity of the arrest does not depend on whether the suspect actually committed any crime. Importantly … it is irrelevant to the probable cause analysis what crime a suspect is eventually charged with, or whether a person is later acquitted of the crime for which she or he was arrested." *Wright v. City of Phila.,* 409 F.3d 595, 602 (3d Cir. 2005).

Here, Plaintiff in effect admits that Defendant Police Officer Alamo had probable cause to arrest her: She alleges that he found an ammunition clip in her yoga jacket while performing a search and then arrested her after he found a firearm in her residence after a neighbor had reported the altercation and a person's involvement with a firearm, to police. *See* Compl. ¶¶ 28–29. Plaintiff also admits that Defendant Detective D'Alesio took the statement of her neighbor

who reported that Plaintiff had retrieved her gun during their altercation and pointed it in her direction. *Id.* ¶ 38. Plaintiff wholly fails to allege any facts specific to Defendant Stubinger on her malicious prosecution claim. *See infra* Part III.B (explaining why Defendant Stubinger should be dismissed from this action with prejudice).

Plaintiff's allegations also concede that Defendants' actions were without the malice that is required of her claim. "Actual malice in the context of malicious prosecution is defined as either ill will in the sense of spite, lack of belief by the actor himself in the propriety of the prosecution, or its use for an extraneous improper purpose." *Lee v. Mihalich*, 847 F.2d 66, 70 (3d Cir. 1988), abrogated on other grounds, *Albright v. Oliver*, 510 U.S. 266. "Malice may be inferred from the absence of probable cause." *Lippay v. Christos*, 996 F.2d 1490, 1502 (3d Cir. 1993). Here, Plaintiff asserts no specific allegations as to Defendants, but rather, vaguely alleges that, generally, "[l]aw enforcement had been called to these residences previously due to the various disputes between the neighbors, although these calls primarily pertained to noise violations and never before involved a physical altercation," and "upon information and belief, local law enforcement felt annoyed by these frequent non-emergent [sic] calls and rushed to judgment in effectuating an arrest due to their frustration with the situation." *Id*. ¶¶ 34–35. To be clear, Plaintiff alleges that law enforcement "felt annoyed" and allegedly "rushed to judgment" because of their annoyance over prior non-emergency calls to the residence. "Annoyance" however, is not actual malice. Plaintiff alleges no spite, ill will, or lack of belief in the alleged propriety of the prosecution by any of the Defendants.

As such, Plaintiff's claim of malicious prosecution against all Defendants must be dismissed for failure to allege most elements required of the claim.

**B.      Plaintiff's Count II Claim Should be Dismissed Because Plaintiff Fails to Plead a Claim of Subordinate Constitutional Violation in Count I and, in the alternative, Fails to Plead the Personal Involvement of Defendant Strubinger**

Because Plaintiff fails to allege any Constitutional violation by Defendants Police Officer Alamo and Detective D'Alesio, she cannot allege a claim of supervisory liability against their supervisor Sergeant Stubinger. *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (stating that a claim for supervisory liability "necessarily includes as an element an actual violation at the hands of subordinates."). In the alternative, and independent of the sufficiency of Plaintiff's pleading against Defendants Police Officer Alamo and Detective D'Alesio for malicious prosecution, Plaintiff's claim against Defendant Stubinger should be dismissed for failure to plead facts plausibly establishing a supervisory liability claim.

A plaintiff pursuing a Section 1983 claim must allege (and prove) the involvement of each defendant in the alleged Constitutional violation. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior.*" *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). "[A] supervisor may be personally liable under [Section] 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juv. Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (internal citation and quotations omitted). "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Rode*, 845 F.2d at 1207. When a complaint "fail[s] to explain ... [a defendant's] involvement in any alleged constitutional violation, the court must dismiss [the] claims against them." *Moore v. Russell*, 2023 WL 5517568, at *5 (E.D. Pa. Aug. 25, 2023).

Here, Plaintiff fails to allege any personal involvement of Defendant Sergeant Stubinger in her alleged malicious prosecution. Plaintiff's only factual allegation rather, is of his *in*action and total lack of any participation or involvement. Specifically, Plaintiff alleges that Defendant Sergeant Stubinger, upon arrival on the scene, "*proceeded to merely stand on the sidelines* and smoke a cigarette. He *took no action* to oversee the investigation or ensure the validity of [Plaintiff's] arrest." Compl. ¶ 33 (emphasis added). By her own admission, Plaintiff concedes that Defendant Sergeant Stubinger had no personal involvement in the events leading to her arrest or criminal charges. As such, Plaintiff also cannot allege that Defendant Stubinger directed Defendants Police Officer Alamo and Detective D'Alesio to violate her Constitutional rights, or that he had knowledge of and acquiesced in their alleged unconstitutional conduct. Instead, Plaintiff alleges that "Sergeant Strubinger knew or should have know [sic] that failure to ensure that the law enforcement personnel under his supervision were conducting a reasonable investigation prior to effectuating an arrest would result in harm to the citizens of his police district." *Id.* ¶ 55. Here, Plaintiff's allegation as to Defendant Stubinger's knowledge of general proper supervisory conduct cannot be conflated with any specific knowledge of Defendant D'Alesio or Alamo's alleged illegal conduct that is necessary to bring forth a claim of supervisory liability.

Because Plaintiff has conceded that Defendant Stubinger had no personal involvement or participation in her alleged violation, any amendment would be futile. Therefore, Plaintiff's claim against Defendant Sergeant Stubinger should be dismissed with prejudice.

### IV.   CONCLUSION

For the reasons above, Plaintiff's Count I claim against Defendants Sergeant Geoffrey Strubinger, Detective Thomas D'Alesio, and Police Officer Norma Peluyera-Alamo, should be

dismissed for failure to state a claim, and her Count II claim against Defendant Strubinger should be dismissed for the same, and with prejudice.

Respectfully submitted,

Date:  May 14, 2024

*/s/ Irene Lu*
Irene Lu
Assistant City Solicitor
Pa. Attorney ID No. 318310
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-2971 (phone)
(215) 683-5397 (fax)
Irene.Lu@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEPHERD-SMITH, | : |
| Plaintiff, | : |
| v. | : No. 24-cv-1655-JHS |
| STRUBINGER, et al. | : |
| Defendants | : |

### CERTIFICATE OF SERVICE

I hereby certify that on the date below Defendants' Motion to Dismiss Plaintiff's Complaint, Memorandum of Law, Proposed Form of Order, and this Certificate of Service were filed via the Court's electronic filing system and are available for downloading.

Date: May 14, 2024

/s/ Irene Lu
Irene Lu
Assistant City Solicitor
Pa. Attorney ID No. 318310
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-2971 (phone)
(215) 683-5397 (fax)
Irene.Lu@phila.gov