IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEPHERD-SMITH, | : |
| Plaintiff, | : |
| v. | : No. 24-cv-1655 |
| STRUBINGER, *et al.* | : |
| Defendants | : |

## ORDER

AND NOW, this 17th day of June 2025, upon consideration of Defendants' Motion to Dismiss (Dkt. # 16), Plaintiff's response (Dkt. # 17), and the June 2, 2025 Oral Argument, it is hereby ORDERED that the motion is DENIED.[i] Defendants have 21 days from the date of this Order to answer the Complaint.

BY THE COURT:

_____
GAIL A. WEILHEIMER, J.

---

[i]  To sustain a claim for malicious prosecution, a plaintiff must show that a defendant: "(1) instituted proceedings against the plaintiff, (2) without probable cause, (3) with malice, and (4) that the proceedings were terminated in favor of the plaintiff." *Napier v. City of New Castle*, 407 Fed.Appx. 578, 583 (3d Cir. 2010) (internal quotation marks and citation omitted). Defendants assert that Plaintiff failed to establish the first three prongs of a malicious prosecution claim.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, *accepted as true*, to state a claim to relief that is plausible on its face." *Davis v. City of Philadelphia*, 821 F.3d 484, 488 (3d Cir. 2016) (emphasis added; internal quotation marks and citation omitted). Plaintiff was charged with Firearms Not to be Carried without a

License (in violation of 18 Pa.C.S. § 6101(A)(1)), Carrying Firearms in Public in Philadelphia (in violation of 18 Pa.C.S. § 6108), Simple Assault (in violation of 18 Pa.C.S. § 2701(A), and Recklessly Endangering Another Person (in violation of 18 Pa.C.S. § 2705).

Plaintiff alleges in the Complaint that after retrieving her firearm, "[she] opened her front door and stepped onto her front step, never leaving her property, with her gun pointed toward the ground." Dkt. # 14 ¶ 19 (Pl.'s Compl. at 4). On the face of the Complaint, Plaintiff indicates that she never entered the public streets of Philadelphia with her firearm. Further, nothing in the Complaint supports a reasonable inference that Plaintiff entered the public streets of Philadelphia. *See Commonwealth v. Hopkins*, 747 A.2d 910, 918 (Pa. Super. 2000) (holding that a section 6108 violation requires the accused to carry a firearm on the *public streets* or upon any *public property* of the City of Philadelphia). It follows that Defendants may have lacked probable cause for the charge of Carrying Firearms in Public in Philadelphia (18 Pa.C.S. § 6108).

Having found that Plaintiff has sufficiently pled lack of probable cause, the Court can infer Plaintiff has satisfied the malice prong for malicious prosecution. *See Brown v. Harris*, No. CV 20-5354, 2022 WL 824236, at *6 (E.D. Pa. Mar. 18, 2022) (Baylson, J.) ("Malice may be inferred from the absence of probable cause."). Further, the Court disagrees with Defendants' contention that Plaintiff was required to attach the Affidavit of Probable Cause in order to establish probable cause. Defs.' Br. in Support at 7 (unpaginated). Judge Slomsky issued no such order, and this submission is more appropriate for discovery.

Finally, while Defendants assert officers generally do not initiate proceedings, the face of Plaintiff's Complaint asserts that in this case, "Defendants each played an active role in the initiation of the proceedings against Plaintiff, including communicating misleading information to the district attorney's office and effectuating the arrest." Pl.'s Compl. at 10. For the purpose of a Motion to Dismiss, we must accept these allegations as true.

Plaintiff's claims, after full discovery, may prove deficient. However, at this juncture, Plaintiff has sufficiently pled a claim for malicious prosecution for at least one of the above charges. *See Chiaverini v. City of Napoleon*, 602 U.S. 556, 564 (2024).